OFFICE OF PRICE ADMINISTRATION *v.* KLATTER.

1. LICENSES—EMERGENCY PRICE CONTROL ACT—SUSPENSION OF LI-
   CENSE.
   Under provision of emergency price control act that license is-
   sued thereunder should be suspended by court for not more
   than 12 months if licensee should be found to have violated
   provisions of license after receiving warning notice and for
   stay of suspension upon good cause shown, it was not manda-
   tory that court suspend license after finding licensee had
   violated terms of his license after receiving warning notice,
   where suspension of license for appreciable length of time
   would have been inequitable (50 USCA, App. § 925 [f]).

2. SAME—INJUNCTION—SUSPENSION—EQUITY.
   Decree of trial court enjoining licensee under emergency price
   control act from upgrading waste paper in violation of the
   license issued him to "accumulate, bale, sort, sell and distribute
   waste paper" but denying suspension of license by office of
   price administrator *held*, equitable under record and within
   the terms of the act (50 USCA, App. § 925 [f]).

3. COSTS—PUBLIC QUESTION.
   No costs are awarded on appeal by office of price administration
   from order denying suspension of license under emergency price
   control act, where public question was involved (50 USCA,
   App. § 925 [f]).

Appeal from Wayne; Ferguson (Frank B.), J.
Submitted June 4, 1946. (Docket No. 15, Calendar
No. 43,341.) Decided October 7, 1946.

Bill by Chester Bowles, Administrator, Office of
Price Administration, against Max and Samuel
Klatter, individually and doing business as Illinois

Waste Material Company, to suspend license of defendants and for injunction to prevent violating price regulations. Paul A. Porter substituted as party plaintiff. Decree for injunction but not suspending license. Plaintiff appeals. Affirmed.

*George Moncharsh*, Deputy Administrator for enforcement, *Milton Klein*, Director, Litigation Division, *David London*, Chief, Appellate Branch, *Abraham H. Maller*, Special Appellate Attorney, and *Jack Werner* (*Samuel J. Weiner*, Regional Litigation Attorney, and *George D. Haller*, Enforcement Attorney, of counsel), for plaintiff.

*Shapero & Shapero*, for defendant.

NORTH, J. In this equity proceeding in the circuit court in chancery in Wayne county instituted by the administrator of the office of price administration, plaintiff sought to enjoin defendants from upgrading waste paper sold by them, from violating other O.P.A. regulations, and to have defendants' license in his wastepaper business suspended. After hearing, the circuit judge entered a decree granting the injunctive relief sought, but found and decreed: "That the plaintiff is not entitled to suspend the license of the defendants." Plaintiff has appealed from the denial of suspension.

Defendants were licensed under the emergency price control act (emergency price control act of 1942, as amended [50 USCA, App. § 901 *et seq.*]) to "accumulate, bale, sort, sell and distribute waste paper," which under the regulations was grouped or graded as mixed, news, and corrugated, with fixed prices for the respective grades; and defendants were required to keep specified records of the grading, sales, shipments, prices, et cetera. The act

(50 USCA, App. § 925 (f) [2]) provides that: "Whenever in the judgment of the administrator a person has violated any of the provisions of a license issued (to him)· *  *  * a warning notice shall be sent by registered mail to such person." The act further provides:

"If the administrator has reason to believe that such person has again violated any of the provisions of such license, regulation, order, price schedule, or requirement after receipt of such warning notice, the administrator may petition any State or Territorial court of competent jurisdiction, or a district court subject to the limitations hereinafter provided, for an order suspending the license of such person for any period of not more than twelve months. If any such court finds that such person has violated any of the provisions of such license, regulation, order, price schedule, or requirement after the receipt of the warning notice, such court shall issue an order suspending the license to the extent that it authorizes such person to sell the commodity ·or commodities in connection with which the violation occurred, *  *  * but no such suspension shall be for a period of more than twelve months. *  *  * Upon good cause shown, any such order of suspension may be stayed by the appropriate court or any judge thereof in accordance with the applicable practice; and upon written stipulation of the parties to the proceeding for suspension, approved by the' trial court, any such order of suspension may be modified, and the license which has been suspended may be restored, upon such terms and conditions as such court shall find reasonable."

Defendants were served with a warning notice as required by the act, at least for the purpose of decision herein we so assume. The principal question for review is presented by appellant's contention that the above provision, "such court shall

issue an order suspending the license'' for not more than 12 months, is mandatory.

We are not in accord with appellant's contention for the reason that it is inconsistent with the reading as a whole of the particular paragraph of the congressional act. Following the words above quoted there is in the same paragraph this provision: ''Upon good cause shown, any such order of suspension may be stayed by the appropriate court or any judge thereof in accordance with the applicable practice.'' A fair construction of the record before us leads to the conclusion that the trial judge was of the opinion that a suspension of defendants' license for any appreciable time would have been inequitable. To be sure, the trial judge, in an effort to literally comply with appellant's asserted construction of the act, might have suspended defendants' license for a nominal period, and thereupon the trial judge might also have, under the terms of the act, forthwith stayed his order of suspension. Obviously such procedure would have been merely a useless ceremony, and the trial judge's denial of any suspension at all was tantamount to what he had the power to do under the literal provision of the act. The result is that in a strict sense the provision that the ''court shall issue an order suspending the license'' is not mandatory. Counsel for neither of the parties to this appeal have cited us with an authority squarely covering the question of law under consideration, nor have we, after diligent search, found such an authority. While we hear this appeal in chancery *de novo,* our conclusion is that the decree of the circuit judge was equitable and within the terms of the quoted act.

Other questions are raised on this appeal, but in view of our holding herein decision of such questions is not necessary. The decree entered in the circuit

court is affirmed, but since a public question is involved no costs are awarded on this appeal.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. STARR, J., took no part in the decision of this case.